Janney v. Spedden et al.

———◄◄●●►———

GEORGE W. JANNEY, Defendant in Error, *v.* HUGH S. SPEDDEN *et al.*, Plaintiffs in Error.

1. *Practice— Publication — Judgment.*—Where the defendant, a non-resident, is brought into court by an order of publication, and does not appear, the plaintiff cannot have any other or different relief than that prayed in his petition. If after publication the plaintiff amend his petition and take a different judgment from that originally prayed, the judgment will be null and void—R. C. 1855, p. 1280, § 12. After service of notice by publication, the defendant cannot be held to have any notice of amendments to the petition.

2. *Equity—Judgment—Execution—Ejectment.*—A bill in equity is not the proper remedy to recover possession of lands. Where the judgment upon which execution issued, and the land was sold by the sheriff, is void, the sheriff's sale and deed will pass no title, and the defendant has an adequate remedy at law in ejectment against the purchaser at the sheriff's sale in possession. Where there is an adequate and complete remedy at law, a court of equity will not interpose, unless upon some matters coming under some peculiar head of concurrent equity jurisdiction.

38 395
98 234

38 395
120 310

38 395
126 469

38 395
131 113
131 155

38 395
137 230

38 395
142 45

Janney v. Spedden et al.

*Error to Pettis Circuit Court.*

*F. P. Wright*, for plaintiff in error.

I. The facts stated in the petition do not authorize the judgment rendered. The petition contains no equity; Janney, being divested of title, has none over which a cloud can hang.

II. The original suit was a proceeding in chancery, in which all admit that constructive notice by publication as to non-residents is sufficient. The court thereby obtained jurisdiction, and jurisdiction was not lost by a dismissal of so much of the petition as asked the enforcement of a vendor's lien, and especially as Janney was a non-resident—January v. Rice, 33 Mo. 409; Head's (Penn.) R. 39; 10 Yerg. 83.

III. By the provisions of the statute, notice by publication to non-resident defendants, where a part or all of them reside out of the State, is effectual; and judgments rendered upon such constructive notice are valid within the State, and can be enforced on any property within the State, whether such judgments are *in rem* or *in personam*, or whether the proceedings are at law or in equity. Secs. 13, 15 and 17 of Art. V. apply to all ordinary actions—R. C. p. 1224-5. Such judgments are termed judgments *ad rem*, though no particular property is mentioned—ib. 1. Though formerly notice by publication to non-residents was given in chancery proceedings, now there is but one form of action; and the article applies to such action whether legal or equitable. 2. Such is the reading of the statute, without ambiguity, and the intention of the Legislature is to be searched for in the words employed to convey it—Paulina's Cargo v. U. S., 7 Cranch, 52; U. S. v. Fisher, 2 Cranch, 358. Where the intent is plain, nothing is left for construction.

IV. The construction of the statute has been acted on by the Circuit Court, acquiesced in by the bar generally, and sanctioned by this court in a very recent decision—Pomeroy v. Betts et al., 31 Mo. 419.

V. The Legislature has the undoubted right to prescribe the manner of notifying non-resident defendants, and judgments rendered in pursuance ;of such requirements will be valid although they have no extra-territorial effect.

VI. The action in this case is properly brought—Smith's Lea. Cas. 700 ; Granger v. Clark, 22 Me. 128. It is the office of equity to remove obstructing titles and claims. The defendants Speddens being in possession, the remedy provided in § 62, art. 6, p. 1241, R. C. 1855, is unavailing.

VII. The principle that judgments *in personam*, rendered without personal service, are against natural justice, only applies as to their validity *extra territoriam*. Natural justice and the principles of good government require that the property of the debtor, within the jurisdiction of the State, should, by law, be applied to satisfy the just demand of the creditor, (1) by proceedings *in rem*, by first attaching, and then ascertaining the justice and amount of the claim due, and a subsequent sale of the property to satisfy the demand ; and (2) it cannot be less just or more injurious to the debtor for the court, by competent evidence, first to ascertain the demand and then by process of law appropriate the property in satisfaction. Such is the practice of other nations. The property alone is affected in either case : (1) in England, for instance, in respect to suits *in personam*, by a mere citation, *viis et modis* (by ways and means), by posting up such citation on the Royal Exchange in London ; (2) in Scotland, by an edictal citation posted up at the quay at Leith, at the market-cross at Edinburgh, and at the pier and shore of Leith. Such proceedings are purely local, and locally valid, though elsewhere they will be held to be mere nullities.— Sto'. Confl. L. § 546 ; Wheat. Internat. Law, 112. Every State has the power of " prescribing the conditions on which suits at law may be commenced and carried on within its territory"—id. 113 & 163.

VIII. Janney, by his appearance and motion on the return day of the execution to set aside the judgment and quash the

execution, is estopped from obtaining relief in this suit—Harris v. Hardiman, 14 How. (U. S.) 335.

IX. The court had no authority to annul the deeds and dispossess Hugh S. Spedden. The sale was regular; he was an innocent purchaser for a valuable consideration, and his title cannot be disturbed—R. C. 1855, p. 1282, § 20; Shields v. Powers, 29 Mo. 315; 17 Mo. 71; Voorhies v. Bk. of U. S., 10 Pet. 449.

*Jno. F. Phillips,* for defendants in error.

I. The court did not obtain any jurisdiction over the person of Janney by the order of publication made in the cause, so as to authorize a general judgment *in personam,* and consequently the judgment against him was null and void.

II. If the facts stated in the petition and order of publication gave the court jurisdiction *in rem* to foreclose the equity of redemption and enforce the vendor's lien, it did not confer any jurisdiction over Janney *in personam*—Sto. Confl. L. § 539, &c.; Bigelow v. Stearnes, 19 John, 40; Hollingsworth v. Barbour, 4 Pet. 475; Williamson v. Berry, 8 How, 495; Picquet v. Swan, 5 Mason, 35; Rootes v. Tompkins, 3 Grattan, 98; D'Arcey v. Ketchum et al., 11 How. 165; Boswell v. Dickerson, 4 McLain, 262; Boswell's Less. v. Otis, Adm'r, &c., 9 How. 336, &c.; Bissell v. Briggs, 9 Mass. 464; Starbuck v. Murray, 5 Wend. 156. Nor will it suffice to say that although the judgment rendered on the order of publication may not have any extra-territorial force, yet it is competent to operate upon and bind all property situate within its jurisdiction.—See § 1, Art. IV., Const. U. S.; Act of Cong. May 26, 1790, 1 U. S. Stat. 192; D'Arcey v. Ketchum et al., 11 How. 165; Boswell's Lessee v. Otis, Adm'r, 9 How. 336; Wilson et al. v. Bk. Mt. Pleasant, 6 Leigh, 570; Mills v. Duryee, 7 Cran. 483; Sto. Confl. L. § 547, and notes; id. § 549, and note 2; Webb v. Garner et al., 4 Mo. 12.

III. That the action of plaintiff in amending his petition, and dismissing so much of it as sought to enforce a vendor's

lien, did not and could not confer on the court any jurisdiction over the person of Janney other than what it already possessed by reason of the order of publication made in the cause—Boswell's Lessee v. Otis, Adm'r, 9 How. 336, &c. ; § 12, art. 12, p. 1280, Prac. in Civ. Cas., R. C. 1855. "The damages or other relief shall not be other or greater than that which he shall have demanded in the petition, as originally filed and served on defendants."

IV. Janney is not precluded by the motion filed to set aside the judgment and quash the execution—1 Greenl. Ev. §§ 528–30 ; Wynn v. Wyatt's Adm'r, 11 Leigh, 584 ; Eastman v. Cooper, 15 Pick. 276 ; Starbuck v. Murray, 5 Wend. 159. A party in court for one purpose, is not there for every other purpose—Starbuck v. Murray, 5 Wend. 160 ; 9 Mo. 638 ; Lincoln v. Hilbus, 36 Mo. 149 ; Smith, Adm'r, v. Rollins, 25 Mo. 408.

HOLMES, Judge, delivered the opinion of the court.

This was a petition for equitable relief, praying to have a judgment, a sale of real estate under the judgment, a sheriff's deed to the purchaser at the sale, and a deed from the purchaser to a third person (one of the defendants), declared void, and that the plaintiff have restitution of the possession of the property sold.

It appears that the plaintiff and one Adam Householder had bought certain lands of Robert R. Spedden, and given their two notes for the balance of the purchase money unpaid, and taken from the vendor a bond for a deed conveying the title when the notes should be fully paid ; that, the notes not being paid when due, the vendor brought suit in the Pettis Circuit Court against them, stating the sale, with a description of the lands sold, the notes given for the balance of the purchase money in accordance with the terms of the agreement, each for the sum of four thousand one hundred and eighty dollars, setting forth the terms of the agreement, allowing credits for payments made on the notes, claiming a

vendor's lien on the lands so sold, and praying for judgment for the balance found to be due, and that the said lands or so much thereof as might be necessary be ordered to be sold to satisfy and pay off said judgment, and for other and proper relief.

The petition alleged also that the defendant Janney was not a resident of this State. Personal service was had upon the other defendant, and an order of publication was taken out against Janney (whereof publication was duly made), notifying him that a suit had been commenced against said defendant, the object and general nature of which was to obtain a judgment against them for the sum of four thousand six hundred and thirty-five dollars, with interest thereon, and praying that the lands mentioned in the petition (describing them specifically) be sold for the payment of said debt; and that unless he appear and answer at the term and day named, the petition would be taken as confessed and judgment rendered accordingly.

The statute concerning practice in civil cases requires that the order of publication shall notify the non-resident of the commencement of the suit, and state briefly the object and general nature of the petition, and require him to appear on the day named and answer the petition, or that the petition will be taken as confessed (R. C. 1855, p. 1224, § 13); and in case of non-residents having an interest in the subject matter of the petition whose names are unknown, the order shall moreover recite all allegations in relation to the interest of such unknown parties—ibid. § 16. It was one object and the policy of this act, that the absent party should be informed in this manner of the object and general nature of the suit against him, so that he might be enabled to determine whether or not he would make defence, or allow the petition to be taken as confessed and judgment to be rendered against him on the cause of action stated in the petition, without incurring the expense of an appearance and answer in case he had no defence to make.

An affidavit to the petition and a statement of credits allowed for the payments made were required for the same purpose.

Now it appears further that the plaintiff, at the return term, the defendants not appearing, undertook to dismiss so much of his petition as asked for the enforcement of a vendor's lien, and thereupon proceeded to take a general judgment for the amount due on the notes as if it had been a suit upon them as such, and under the execution awarded thereon he levied upon and sold other lands owned by the defendant Janney individually, upon which sale the sum of fifty dollars was realized; and it also appears that the defendant Janney has paid the whole amount of the judgment so rendered. There was no amendment made at all. A dismissal of a suit is a total discontinuance thereof as to some one or all of the parties defendant. What the plaintiff proposed to do was to amend his petition; but no amended petition was filed. The judgment that was rendered was not upon the petition as filed, nor in pursuance of the relief prayed for therein, but, as the record shows, upon an imaginary petition and cause of action which had never been filed, and of which the defendant Janney had no notification whatever. Had he actually seen the order of publication as published, he might have been willing to confess the cause of action therein stated, and to allow the lands therein described to be sold under the vendor's lien, for the payment of the debt sued on, as prayed in the petition. Nothing of that kind was done, but something quite different, of which this order could give him no intimation. The error of confounding the dismissal of a suit with an amendment of a petition, or of rendering a judgment not warranted by the petition, might be a more proper subject of consideration on an appeal or writ of error in the case. But it is proper that the matter should be treated here as what it really was in the actual proceeding that was had in the court below, namely, an amended petition, at least, if not a petition dismissed; and of such petition, and of the cause of action on which judgment was actually ren-

dered, it must be held that the defendant had no notice whatever. The object and nature of the suit were wholly changed. The difference is not much less than it would have been if the suit had been dismissed and a new one commenced. We must hold that the judgment was utterly null and void as to him. It follows from this that the sheriff's deed, upon the sale of his land under the execution, conveyed no title ; and the deed of the purchaser to the other defendant could convey no more title than he himself had.

In reference to the possession, it is scarcely necessary to say that a bill in equity is not the proper remedy for the recovery of the possession of lands. The party has an adequate remedy at law by the action of ejectment or otherwise. The judgment and deeds being void in law, there was no occasion for this interference of a court of equity to set them aside and declare them void. No ground is shown in the petition for relief in equity. When there is an adequate and complete remedy at law, a court of equity will not interpose, unless upon matters coming under some peculiar head of concurrent equity jurisdiction. The judgment should have been that the petition be dismissed.

The judgment will therefore be reversed, and the petition dismissed, at the cost of the plaintiff.

Judge Wagner concurs; Judge Lovelace absent.