John H. Bobb, Respondent, *v.* Edward K. Woodward and Erastus Smith, with Charles C. Whittelsey and William P. Curtis, Appellants.

1. *Practice — Joinder of Causes, legal and equitable — Election.* — Although under our present code a petition may embrace both legal and equitable causes of action, and will not for that reason be held bad upon demurrer, when the relief sought for under the different kinds of action is separately stated, yet the causes cannot be blended in the same trial. And the plaintiff may be compelled, upon motion, to elect on which cause of action he will proceed.

Bobb v. Woodward et al.

2. *Practice — Actions — Recovery of Real Property —What the proper action for.* — Where the principal object sought to be accomplished by the plaintiff is to recover possession of real estate, a proceeding in the nature of a bill in equity is not the proper remedy. An adequate remedy at law for that purpose has been provided in the action of ejectment.

3. *Practice — Demurrer — Amendment — Judgment.* — Where, upon demurrer, a petition is held insufficient as to certain defendants, and plaintiff failed to amend, such defendants are entitled to a final judgment and discharge.

4. *Practice — Notice of Suit — Order of Publication.* — The true meaning of the statute concerning notice of suit to non-residents (Gen. Stat. 1865, chap. 164, § 13) is that the notice shall go to the extent of a substantial statement of all the objects of the suit; and notice by publication that the object of a suit was "to set aside" a deed conveying certain property, without any general statement of the grounds upon which the decree was prayed for, is insufficient, and a judgment rendered upon such a notice is null and void.

## *Appeal from St. Louis Circuit Court.*

As appears from plaintiff's petition, the conveyances of Woodward, spoken of in the opinion of the court, were as follows:

1. Deed of trust, dated May 22, 1860, conveying certain lots of ground near the Pacific Railroad, in the city of St. Louis, to William P. Curtis, trustee of James Givens Brown, to secure the payment of certain principal and interest notes amounting to $4,005. 2. Deed of trust upon the same property, dated February 6, 1861, to Charles C. Whittelsey, trustee of Gray & Crawford, to secure a note of $1,087.80. 3. Deed, dated February 6, 1861, conveying the goods in his place of business in St. Louis, amounting to $20,000, and book accounts and bills receivable, amounting to $15,000, for the alleged sum of $11,360, to defendant, Erastus Smith. 4. Deed, dated April 22, 1861, to Smith, of the lots of ground above mentioned. 5. On the thirteenth day of January, 1867, the same lots were sold under execution against Woodward, and plaintiff became the purchaser.

*Whittelsey*, for appellants.

I. The judgment was irregular for want of service of process upon Smith. (Gen. Stat. 1865, p. 681, § 12; *id.* p. 655, § 13; Janney v. Spedden, 38 Mo. 395; Durossett's Adm'r v. Hale, 38 Mo. 346; Roach v. Burnes *et al.*, 33 Mo. 319; Abbott v. Dunivin, 34 Mo. 148.)

II. There is a defect of parties upon the final decree, Woodward being a necessary party. (Story Eq. Pl., Red. ed., §§ 207, 210, 216 *a.*, and notes, 236; Shaver v. Brainard, 29 Barb. 25; Ward v. Hollins, 14 Md. 158.; 1 Dan. Ch. Pr. 384–88; 2 *id.* 37; Dillon's Adm'r v. Bates, 39 Mo. 292; Greenleaf v. Queen *et al.*, 1 Pet. 139; Van Epps *et al.* v. Van Deusen, 4 Paige Ch. 64, 75; Vanderwerker v. Vanderwerker, 7 Barb. 221, 224; Baldwin v. Lawrence, 2 Sim. & Stu. 18; Court v. Jeffrey *et al.*, 1 Sim. & Stu. 108; Stafford v. City of London, 1 P. Wms. 428.)

III. The petition was defective by combining several causes of action in one count, and the judgment should have been arrested. (Hoagland v. Hann. & St. Jo. R.R. Co., 39 Mo. 457; Clark v. Hann. & St. Jo. R.R. Co., 36 Mo. 202; Ederlin v. Judge, 36 Mo. 350; McCoy v. Yerger; 34 Mo. 104; Gen. Stat. 1865, p. 657, § 2; *id.* p. 660, §§ 18, 23; Story Eq. Pl. §§ 271, 288, 530–41.)

IV. The charges in the petition are inconsistent with each other. (Benoist v. Darby's Ass., 12 Mo. 196, 208; Smith v. Hodson, 4 T. R. 211.)

5. The petition upon its face shows that plaintiff's cause of action is barred by limitations. (R. C. 1855, p. 1047, §§ 1, 3, 5; Maxwell v. Kennedy, 8 How. 210, 222; Hovenden v. Annesley, 2 Scho. & Lef. 607, 638; Keaton v. Greenwood, 8 Geo. 97; Campbell v. Montgomery, 8 Geo. 106; Pierson v. David, 1 Clarke, Io., 23, 32; Van Hook v. Whitlock, 7 Paige Ch. 373; Humbert v. Trinity Church, 7 *id.* 195; Denny v. Gilman, 26 Me. 142; Story Eq. Pl., Red. ed., §§ 484, 503, *n.* 4; State to use of v. Bird, 22 Mo. 470; Taylor v. Blair, 14 Mo. 437.)

VI. Smith as a creditor was entitled to accept a preference, and the price he paid for the debts purchased cannot affect his character as a creditor. (*In re* Houghton, 5 Law Rep. 321; Ex parte Lee, 1 P. Wms. 782; Kuykendall *et al.* v. McDonald, 15 Mo. 416, 420; Exchange Bank v. Fitch, 48 Barb., N. Y. ; Potter v. Stevens, 31 Mo. 62, 75.)

*Cline, Jamison & Day*, for respondent.

Defendant, Smith, has twice appeared in this case — once to move the court to set aside the judgment by default, and once to

move in arrest of judgment; and now, after the term has passed at which judgment was rendered, he appears a third time, to move to set aside the default and final judgment, assigning a new ground, viz: the want of proper service. This cannot be done.

I. Defendant, by moving the court to set aside judgment by default against him in this cause, and by his motion in arrest of judgment, submitted himself to the jurisdiction of the court, and waived all errors *in pais*, both as to process and proceedings, except the single question as to the sufficiency of plaintiff's petition to support the decree, which he submitted to the court for its final decision. ( Dillingham v. Skein, 1 Hemp. 181; McCoy v. Lemons, *id.* 216; Mahoney v. Penman, 4 Duer, 603; Winchester v. Cox, 2 Iowa, 575; Lampley v. Beavers, 25 Ala. 534; The People v. Banker, 1 Seld., N. Y., 106; Brayton v. Freeze, 1 Carter, Ind., 121; Treiber v. Shafer, 18 Iowa, 29; Bucher v. James, 2 Scam. 462; Whiting *et. al.* v. Budd, 5 Mo. 444; Ferris v. Hunt, 20 Mo. 464; Smith's Adm'r v. Rollins, 25 Mo. 410; Whiting & Williams v. Budd, 5 Mo. 443; Carroll v. Dorsey, 20 How. 204; Chaffee v. Hayward, *id.* 208; Townsend v. Stoddard, 26 Geo. 430; Pennio v. Wallis, 37 Miss. (8 George) 172; 12 Ind. 257; Pomeroy v. Pitts & Mellon, 31 Mo. 419; Dillinger's Adm'r v. Higgins, 26 Mo. 180; Baker v. Stonebraker's Adm'r, 34 Mo. 173; Warren & Dalton v. Turk, 16 Mo. 102; Lewis v. Nuckolls, 26 Mo. 278.)

It is admitted that, in cases of defective service, parties can appear for the sole purpose of taking advantage of the defect, whether before or after final judgment; and such appearance constitutes no waiver of the defect, as it is merely coming into court and objecting to the proceedings on the ground of jurisdiction of the person by reason of the defective service. (Lincoln v. Hellers, 36 Mo. 149; Smith's Adm'r v. Rollins, 25 Mo. 408.) But this must be the first appearance of the party and the first step taken by him; if he appears for any other purpose, then the question is waived. (Bohn v. Develin, 28 Mo. 319; Davis v. Woods, 7 Mo. 162; Meyers v. Woolfolk, 3 Mo. 246; Burnell *et al.* v. Lynch, 3 Mo. 261; Malone v. Clark, 2 Hill, 657; Philibart v. Evans, 25 Mo. 323; Dillinger v. Higgins, 26

Mo. 180; Hembree v. Campbell, 8 Mo. 572; 2 Sandf. 209, *n.*' 1; Malone v. Clark, 2 Hill, 657; Rector *et al.* v. Circuit Court of St. Louis County, 1 Mo. 433.)

II. Defendant was duly served with notice, and the publication as made called upon him to defend all interest he might have or claim to have in the two lots of ground described therein. It notified him that the plaintiff called upon the court to divest all title to said lot and vest it in him. The nature and character of the suit was to defeat all pretenses and claims of said Smith to said lots; and even if he had not appeared and waived all objection to its sufficiency, it should be held sufficient. (Stagg v. Franklin & Fitch, 18 Mo. 299.)

· FAGG, Judge, delivered the opinion of the court.

The petition filed in this case contains in its statement of the cause of action two general grounds for relief, blended together in the same count.

The plaintiff below claimed title to certain real estate in the city of St. Louis, acquired by purchase at sheriff's sale under an execution against E. K. Woodward. It was charged that Woodward was then in possession of the property, holding and claiming it as his own. It proceeds to set out with great minuteness a statement of facts tending to show a combination and confederation on the part of Woodward and his brother-in-law, Smith, to cheat, hinder, delay, and defraud the creditors of the former by making a fraudulent sale and transfer of all his property, real and personal. It is alleged that in pursuance of this fraudulent purpose a pretended sale and transfer of a stock of books worth twenty thousand dollars ($20,000), and the book accounts, notes, etc., amounting to fifteen thousand dollars ($15,000), was made to Smith in consideration of the sum of eleven thousand three hundred and sixty dollars ($11,360), no part of which was ever actually paid; that the business was carried on afterward in the name of an agent, under the superintendence and control of Woodward, and for his sole use and benefit; that the real estate mentioned had also been conveyed to Smith, in fraud of the rights of creditors, so as to enable Woodward to use and occupy the same

for his own benefit, he being at the time wholly insolvent; that previous to these transactions two deeds of trust covering the same property had been executed by Woodward, and that Smith had taken up the notes, which were thereby secured, with means arising from the business carried on as above stated; that these deeds remained unsatisfied upon the records of the county, notwithstanding the debts were thus fully paid off and discharged, and with the conveyance to Smith constituted a cloud on plaintiff's title.

Woodward, together with the trustees mentioned in the deeds, and also Smith, were made parties defendant, and the court was asked to make a decree declaring the deed of conveyance to Smith to be null, fraudulent, and void, as to the plaintiff, and that all of the right, title, and interest in the same be vested in him; that the two deeds of trust be decreed satisfied and paid; and further, that "the court decree the plaintiff entitled to the possession of the two lots aforesaid, and that a writ issue out of the clerk's office of this court, directed to the sheriff, for the possession thereof."

The three first-named defendants were personally served, and appeared and pleaded to the action by way of demurrer. Smith, being a non-resident, was notified by publication, and failing to appear at the proper time a judgment by default was taken against him. This, at the subsequent term of the court, was made final, and the cause dismissed as to the other defendants. The demurrers on the part of these defendants were all sustained, but no amendment of the petition was actually made, and no judgment entered up for them. On the day of the rendering of the final decree in the cause, Smith, appearing by attorney for that purpose alone, moved in arrest of judgment, and afterward moved to set aside the same for irregularity. Both motions being overruled, an appeal has been duly prosecuted to this court.

It is admitted that under our system of practice several causes of action, where they come within the classes designated by the statute, may be united in the same petition. Hence, a petition embracing more than one cause of action, some of which (under the former practice of this State) would have been denominated

legal and others equitable, will not be held bad upon dèmurrer, where each with the relief sought for is separately stated. In such case, however, it has been adjudged by this court that they cannot be blended in the same trial ; the plaintiff may be compelled upon motion to elect on which cause of action he will proceed. (Mooney v. Kennett, 19 Mo. 551 ; Janney v. Spedden, 38 Mo. 395 ; Peyton v. Rose, 41 Mo. 257.)

If it is assumed in this case that the principal object sought to be accomplished by the plaintiff was to recover the possession of the real estate in question, then it is manifest that a proceeding in the nature of a bill in equity is not the proper remedy. An adequate remedy at law for that purpose has been provided in the action of ejectment. (See the authorities above cited.)

The plaintiff claimed the legal title by virtue of the sheriff's deed, which, if valid in law, was sufficient to convey all the title and interest of Woodward ; and any prior conveyance that should be interposed to defeat his recovery in such an action could be attacked for fraud. The interposition of a court of equity would not be absolutely necessary to protect him against it. So far as the recovery of the possession of the property itself is concerned, the petition fails to set out the necessary averments to constitute it an action of ejectment. It was an effort to recover possession of real estate by a bill in equity, which cannot be permitted. On the other hand, if it is claimed that it was intended to embrace a statement which would have authorized a trial, as in an action of ejectment, it is fatally defective in blending the different causes of action in the same count.

So much for the question of pleading presented by the record.

We think the court erred in not giving judgment for the defendants, Woodward, Curtis, and Whittelsey, upon the issue joined in their several demurrers. The plaintiff failed to amend his petition after it had been adjudged insufficient as to them. They were no longer to be regarded as parties to the proceeding, but were entitled to a final judgment and discharge. That portion of the petition asking a decree for the possession of the property seems to have been abandoned, and a final decree taken against Smith alone, covering not only the conveyance from Woodward to him,

but also the deeds of trust. It then concludes by dismissing the cause as to the other defendants, with a judgment in their favor for costs. This is certainly most extraordinary in every point of view. It is not deemed necessary to point out the errors of such a proceeding; they are sufficiently apparent upon a simple statement of the case.

The defendant, Smith, being a non-resident, an attempt was made to notify him of the commencement of the suit by publication. The requirements of the statute in such cases must in all respects be substantially complied with to make the notice sufficient. A notice which falls short in any essential particular of apprising the defendant of the object and general nature of the suit commenced will not be sufficient to authorize a judgment against him. In the case of Janney v. Spedden, 38 Mo. 395, the question was as to the validity of a judgment rendered against a non-resident upon constructive notice. The order of publication set out correctly the object of the suit; but the plaintiff, in taking his final judgment, proceeded as upon an amended petition, and it was entered for something wholly different from that stated in the notice.

This judgment was held to be null and void. It appears from the record that the notice to Smith informed him of the commencement of the suit, and that its object was "to set aside" the deed from Woodward to him for the property in question. There is no general statement of the grounds upon which this decree was prayed for. It excludes the idea that any other relief was sought for by the plaintiff. The court could not assume that this was the only matter that materially affected the defendant's rights and interests in the premises. The notice was good enough as far as it went; but the true meaning of the statute in such cases is that it shall go to the extent of a substantial statement of all the objects of the suit. This was not done in the present case, and the judgment rendered upon it must be held to be erroneous. No such appearance was entered for Smith at any stage of the proceedings as amounted to a waiver of the defects contained in the notice.

The other judges concurring, the judgment will be reversed and the cause remanded.