26 631
49 98

SAMUEL P. McKELVEY ET AL., Respondents, v. CHARLES P. WONDERLY, Appellant.

St. Louis Court of Appeals, June 2, 1887.

MECHANIC'S LIENS—JUSTICES—NOTICE—CONSTRUCTIVE SERVICE.—The posting of a notice of the bringing of a mechanic's lien suit before a justice of the peace, which fails to state on what account the amount sued for is claimed to be due, is not a sufficient service to support a judgment.

APPEAL from the St. Louis Circuit Court, LEROY B. VALLIANT, Judge.

*Reversed.*

JOHN R. CHRISTIAN, for the appellant: The notice to Truitt by publication was fatally defective. The judgment against him is, therefore, void. Rev. Stat., sect. 2876. The judgment being void as to Truitt, it is void as to Wonderly. *Pomeroy v. Betts*, 31 Mo. 419; *Holt Co. v. Harmon*, 59 Mo. 165; *Covenant Mutual Insurance Co. v. Clover*, 36 Mo. 392; *Smith v. Rollins*, 25 Mo. 408; *Rush v. Rush*, 19 Mo. 441; *Lenox v. Clark*, 52 Mo. 115; Freeman on Judgments, sect. 136.

STONE & JOHNSON, for the respondents: By appealing said cause, and trying it *de novo* in the circuit court, the appellant waived any "error, defect, or imperfection in the original summons or the service thereof (if any such there be), and dispensed with the necessity

of a regular summons before a justice." Rev. Stat., sect. 3052; *Boulware v. Railroad*, 79 Mo. 494; *Gantt v. Railroad*, 79 Mo. 502; *Reddick v. Newburn*, 76 Mo. 423.

THOMPSON, J., delivered the opinion of the court.

This action was brought before a justice of the peace to enforce a mechanic's lien. The parties defendant are J. E. Pruitt, against whom the suit is brought as contractor for the work, and against whom the lien was filed as the owner of the land at the time the work was done; and C. P. Wonderly, a subsequent purchaser. Service of summons was had upon Wonderly, but not upon Truitt. As to Truitt, the justice made an order of publication under section 2876, Revised Statutes, upon which the constable made a return that he had posted four copies of the same in four public places in the city of St. Louis, etc. This order of publication recited that the object and general nature of the suit was to recover a personal judgment against the defendant, Joseph E. Truitt, for the sum of thirty-five dollars, and interest thereon, and to enforce a mechanic's lien against the property, describing it; but it failed to state "on what account" the amount sued for was claimed to be due. The statute (Rev. Stat., sect. 2876) requires that the notice shall state "that a suit has been instituted against him to enforce a mechanic's lien against the property, describing it, stating the amount claimed to be due, and *on what account*," etc. The words, "on what account," mean something. The use of those words, at least, implies that the legislature intended that the notice should state that the claim was on account of work and labor done upon the building, or materials furnished in the building or repairing of the same, as the case might be. In the notice in this case there is no attempt whatever to satisfy this requirement of the statute. The notice, therefore, conferred no jurisdiction upon the justice of the peace to render a judgment against Truitt. As Truitt was the contractor with whom the contract was alleged

to have been made, and the ostensible· owner against whom the lien claim had been filed, a valid judgment against him was necessary to the validity of any judgment against Wonderly, who was merely a subsequent purchaser. The judgment which was rendered by the justice, and the subsequent judgment which was rendered by the circuit court, was, therefore, absolutely void as to both defendants.

In so holding, we proceed upon the familiar ground that, where a jurisdiction is conferred upon a tribunal, to be exercised in a special mode, contrary to the course of the common law, the steps precribed by the statute, as preliminary to the exercise of the jurisdiction, must be substantially complied with, in order that the jurisdiction may attach. *Railroad v. Campbell*, 62 Mo. 588. The rule is even of greater force where the proceeding takes place in an inferior tribunal, not of record, such as the court of a justice of the peace. We, also, proceed upon the well settled rule, that, in order for a court to acquire jurisdiction, by an order of publication, to render a valid judgment against a party defendant, who does not appear, the requirements of the statutes prescribing the substance of the notice, must, in all respects, be substantially complied with *Bobb v. Woodward*, 42 Mo. 482.

With the concurrence of Judge Rombauer, the judgment of the circuit court will be reversed. Judge Lewis is absent.