THE JOHNSON-FRAZIER LUMBER COMPANY, Respondent, v. SCHULER & MUENCH, Defendants; CHRISTIAN HELLER, Appellant.

Kansas City Court of Appeals, April 4, 1892.

1. **Mechanics' Liens:** JUSTICES' COURTS: PARTIES.  Section 6713, Revised Statutes, 1889, requires that in all suits for the enforcement of mechanics' liens the parties to the contract shall be made a party, and the statute further provides that in all cases where a lien shall be filed by any person other than the contractor it shall be the duty of the contractor to defend any action brought thereon; and in actions in a justice's court for the enforcement of such a lien no judgment can be rendered unless the contractor is made a party.

2. ———: ESSENTIALS TO JUDGMENT OF ENFORCEMENT.  No recovery can be had charging the premises with a mechanics' lien except as incident to a personal judgment against some one with whom the contract for the work or materials was made who himself is either the owner or standing with the owner or some contractor under him in a contractual relation, and then only where the work or material actually entered into the construction of the building or improvement.

3. ———: PARTIES: WAIVER: JUSTICES' COURTS.  In a justice's court the owner does not waive the defense of parties in an action to enforce a mechanics' lien, by failing to move to have the contractors made parties.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED (*with directions*).

*Benj. Phillips,* for appellant.

(1)   The transcript of the justice's docket shows that the notice to Schuler & Muench by publication was

fatally defective, and that the judgment against appellant is absolutely void. R. S. 1889, sec. 6163; *McKelvey v. Wonderly*, 26 Mo. App. 631; *Railroad v. Campbell*, 62 Mo. 588; *Bobb v. Woodward*, 42 Mo. 482. (2) It is well settled that the jurisdiction of inferior courts must affirmatively appear upon the face of their proceedings, or their acts are void, and no presumption will be indulged in support of such jurisdiction. *Ewing v. Donnelly*, 20 Mo. App. 6; *Sanderson v. Fleming*, 37 Mo. App. 595; *Fisher v. Davis*, 27 Mo. App. 321, and cases cited; *Haggard v. Railroad*, 63 Mo. 302; *Cunningham v. Railroad*, 61 Mo. 33; *Fletcher v. Keyte*, 66 Mo. 285; *McQuoid v. Lamb*, 19 Mo. App. 153. (3) In this case the transcript of the justice fails to show affirmatively that defendants, Schuler & Muench, had been served with process, but it does, however, recite the jurisdictional facts, and the facts recited are not sufficient to confer jurisdiction upon the justice to render a valid judgment against appellant. *McKelvey v. Wonderly*, *supra;* R. S. 1889, sec. 6163. (4) If the record recite the jurisdictional facts, and the facts recited are not sufficient to confer jurisdiction, there can be no presumption that the recital is incorrect or incomplete, even where the record is one of a superior court of general jurisdiction. *Hann v. Kelly*, 34 Cal. 391; *Dillard v. Iron Co.*, 82 Va. 734; Black on Judgments, sec. 277, and cases cited in note 182.

*Spencer & Strop* and *A. B. Duncan*, for respondents.

(1) The court had full jurisdiction over appellant by service of personal summons, and had general jurisdiction of the subject-matter of mechanics' lien actions. R. S. 1889, ch. 94, art. 4. (2) The objection of defect of parties defendant in mechanics' lien action must be raised by demurrer or answer, and the party defendant

going to trial waives the objection, as expressly decided in *Horstkotte v. Menier*, 50 Mo. 158, and *Fruin v. Furniture Co.*, 20 Mo. App. 314. (3) The defendants and appellant going to trial without objection induced the court to commit error, if error was committed, and in such case the appellate court will disregard any objection on account of said supposed error. *State v. Stewart*, 90 Mo. 507; *Fairbanks v. Long*, 91 Mo. 628; *Harrington v. Sedalia*, 98 Mo. 583. (4) There is no error in this case, because the court had jurisdiction of appellant and of the subject-matter of this suit, and upon constructive service upon non-resident defendants the court was not authorized and could not render personal judgment against them, but only a special judgment against the property, all of which was done. R. S. 1889, secs. 6164, 6117. (5) Even though the record failed to show service upon absent defendants (which it does not), it would simply cause the case to be remanded, because the fact of service and manner of the same can be inquired into by the trial court by evidence *aliunde*, under the authority of *Cunningham v. Railroad*, 61 Mo. 33, and also *Seeley v. Taylor*, 28 Pac. Rep. (Col.) 461, the pretext in this case being not that the proper service was not made, but that the judgment of the justice fails to show the same.

*Benj. Phillips*, for appellant in reply.

(1) The objection to defect of parties in an action to enforce a mechanics' lien need not be raised by answer or demurrer where, as in this case, the parties not proceeded against, or not properly brought before the court, are necessary parties to the rendition of any judgment. *Steinmann v. Strimple*, 29 Mo. App. 478. And Schuler & Muench, neither of whom were brought before the court, were necessary parties to the rendition of any judgment herein. *Steinmann v. Strimple*, 29

Mo. App. 478; *Downey v. Higgs*, 41 Mo. App. 215; R. S. 1889, sec. 6173. The cases cited by respondents, *Horstkotte v. Menier*, 50 Mo. 158, and *Fruin v. Furniture Co.*, 20 Mo. App. 313, are not like this case, and are not in point. (2) And, though mere irregularity preceding the rendition of the judgment would not warrant a motion to quash the final process issued thereon, want of jurisdiction will, and the court had no jurisdiction in this case to render a judgment against appellant. *Holzhour v. Meer*, 59 Mo. 434; *Ewing v. Donnelly*, 20 Mo. App. 6; *McKelvey v. Wonderly*, 26 Mo. App. 631.

SMITH, P. J.—Plaintiff corporation, a lumber company, sold and delivered a bill of lumber amounting to $70.95, to the defendants, Schuler & Muench, contractors, with the other defendants, the Hellers, for the erection of a certain building for the latter. The plaintiff, in accordance with the statute, filed its mechanics' lien against the lot and the building, in the erection of which said lumber was used by Schuler & Muench, under the contract with the owners, the Hellers. Afterwards the plaintiff brought its suit for the enforcement of said lien before a justice of the peace. The defendants, the Hellers, were duly served with process, but no service was had on Schuler & Muench. The justice thereupon entered an order on his docket requiring the plaintiff to give notice to Schuler & Muench as required by section 6163, Revised Statutes.

On the day set for the hearing of the cause the following entry appears on the docket of the justice: "And now, on this first day of December, 1890, it appearing to the satisfaction of the court, that Newton Hall, constable of Washington township, did, more than twenty days before the time of the trial in this case, post up, at four public places in the county, four·

public notices directed to William H. Schuler and James Muench, parties defendant herein, notifying them of the day, date, time and place of trial in this case, as required by law, which said fact was admitted by the defendants' counsel, although the said constable failed to make proper return of said notices as provided by law; now on this first day of December, 1890, this cause being submitted to the court without a jury, and the court having heard and considered the evidence, as well as the arguments of counsel, finds that plaintiff's lien is not sustained by the evidence, and that defendants are entitled to recover of, and from, the said plaintiff their costs herein expended, taxed at $12.60. It is, therefore, adjudged that the said defendants have judgment against the said Johnson & Frazier Lumber Company, the plaintiff as aforesaid, for their costs herein expended, taxed at $12.60, and have therefor execution." From this judgment the plaintiff appealed to circuit court where on a new trial it was adjudged that the plaintiff recover of the defendants the amount of the lien account, and that the same be delared a lien against said real estate, and have thereof execution. Afterwards the defendants Heller filed a motion to set aside said judgment and to quash the special execution issued thereon upon the specific ground that said judgment was void.

From the judgment overruling the motion, defendants, the Hellers, have appealed.

The justice, under the provisions of article 4, chapter 94, was invested with jurisdiction over the subject-matter of the action. The appealing defendants, the Hellers, who were the owners of the property subject to the lien of plaintiff, were served with summons according to law so that the jurisdiction, not only over the subject-matter but of the person as to the appealing defendants, was complete. But the appealing defendants

contend that it appears from the transcript of the
justice contained in the bill of exceptions, that Schuler
& Muench, the contractors, were not notified by publi-
cation according to law, and that, therefore, there was
such a defect of jurisdiction of the justice over all the
necessary parties to the suit as that no valid judgment
could be rendered against them, the appealing defend-
ants. Jurisdiction over the subject-matter of an action
cannot be conferred by consent. The law alone, and
not the consent of the parties, must determine what
matters a court may adjudicate. Jurisdiction, how-
ever, over the person may be waived. The order of
publication by the justice in this case was well enough,
but the advertisement of it was deficient in several
essential particulars, as will be seen by reference to it
in connection with section 6163, Revised Statutes, and
26 Mo. App. 631. The transcript of the justice's docket
shows that at the trial "defendants' counsel" admitted
that Schuler & Muench had been notified "as required
by law." It further appears by such transcript, that
the justice, after hearing the evidence "as well as the
arguments of counsel, finds the plaintiff's lien is not
sustained," and gave judgment for the defendants. If
this were all we should be inclined to the opinion that
the defendants, Schuler & Muench, were present by
their counsel and participated in the trial. But it fur-
ther appears from the bill of exceptions that it was
agreed at the hearing of the motion to quash, that
Schuler & Muench had not appeared either before the
justice or in the circuit court, in person or by attorney,
so that interpreting the recitals in the justice's judg-
ment in the light of this agreement, we must conclude
that the counsel there referred to was that of the
appealing defendants, and that the admission made by
him was that the publication had been made as there
recited—not that it was such a publication as is required

by the statute. The admission so construed shows neither the appearance of Schuler & Muench nor that the publication was made according to law. It must follow. from these considerations that Schuler & Muench were neither notified nor voluntarily appeared in any way to the action.

The statute, section 6713, requires that, in all suits for the enforcement of mechanics' liens, the parties to the contract shall be made a party. It further provides in section 6725, that in all cases where a lien shall be filed by any person other than the contractor, that it shall be the duty of the contractor to defend any action brought thereupon, etc. In *Horstkotte v. Menier*, 50 Mo. 158, it was declared that when the owner of property contracts with a responsible party to furnish all materials and erect for him a building under the above section, he has the right to look to such contractor for protection against all liens by materialmen and subcontractors. If the original party was not made a party he would not be bound by the judgment; whereas, if he was, he would be estopped to dispute the amount of the recovery between himself and the owner. The original contractor ought to be brought before the court as a codefendant for the purpose of protecting his rights and those of the owner. The statute in relation to the enforcement of mechanics' liens before justices of the peace requires that, if the finding be for the plaintiff and sustaining the lien, the judgment shall be that he recover the amount of the indebtedness found to be due, with costs, with the addition that, if sufficient property of the debtor cannot be found to satisfy such judgment and costs, the same or the residue thereof shall be levied of the property charged with the lien, etc. The case under the statute is as if a creditor proceeding by attachment and garnishment should dismiss his suit against the defendant and afterwards take steps.

against the garnishee when there could be no judgment which he could satisfy.  *Webbing v. Powers*, 25 Mo. 599; *Ashburn v. Ayers*, 23 Mo. 77; *Westcott v.Budwell*, 40 Mo. 146; *Steinmann v. Strimple*, 29 Mo. App. 478; *Steinkamper v. McManus*, 26 Mo. App. 52; *Murdock v. Hillyer*, 45 Mo. App. 287.

In all cases except in that provided in section 6164 the statute by its very terms requires that there must be a personal judgment against the contractor; otherwise there would be no judgment which the owner's property could be condemned to satisfy.  It is well settled by the cases just cited that no recovery can be had charging the premises with a lien except as incident to a personal judgment against some one with whom the contract for the work or materials was made, and who, himself, is either the owner or standing with the owner, or some contractor under him, in a contractual relation, and then only where the work or material actually entered into the construction of the building or improvement.  The judgment of the circuit court was rendered as if the contractors had been notified as required by section 6163, which, as we have seen, was not the case.

It is contended by the plaintiff that, although the appealing defendants had the right to have the contractors, Schuler & Muench, made codefendants and served with process, yet, as that was not done, and as they took no steps before judgment to have it done, that they thereby waived their right.  It has been oftentimes decided under our practice act that unless the objection of defect of parties to the record is made, either by demurrer or answer, it will be deemed waived.  *Gimbel v. Pignero*, 62 Mo. 240; *Butler v. Lawson*, 72 Mo. 227.  And this rule has been held to apply in actions brought upon mechanics' liens in courts of

record.  *Horstkotte v. Menier*, 50 Mo. 158; *Fruin v. Furniture Co.*, 20 Mo. App. 313.  But the statute, section 2047, upon which the foregoing rule of practice is based, is limited to actions in courts of record, section 2038, and, hence, is inapplicable to actions brought before justices of the peace.  If the contractors had been personally served with process, the plaintiff would be entitled to judgment as provided in section 6162, Revised Statutes, or if there had been constructive notice to them then it would be entitled to judgment as provided in section 6164; but, as there was neither kind of service, there can be no judgment at all.  Proceeding under the rule, "When jurisdiction is conferred upon a tribunal, to be exercised in a special mode, contrary to the course of the common law, the steps prescribed by the statute, as preliminary to the exercises of the jurisdiction, must be substantially complied with, in order that the jurisdiction may attach.  The rule is even of greater force where the proceeding takes place in an inferior tribunal, not of record, such as the court of a justice of the peace."  And the further rule that, in order for a court to acquire jurisdiction by an order of publication to render a valid judgment against a party who does not appear, the statutes prescribing the substance of the notice, which it is apparent was not done in this case, must in all respects be substantially complied with (*McKelvey v. Wonderly*, 26 Mo. App. 631; *Railroad v. Campbell*, 62 Mo. 588; *Bobb v. Woodward*, 42 Mo. 482), we must conclude that there was no jurisdiction to render the judgment in question, and that it is, therefore, void.

The judgment of the circuit court is reversed, and cause remanded with directions to sustain the motion of the appealing defendants.  All concur.