RichardsON, Judge,
delivered the opinion of the court.
This is a proceeding for partition of land and slaves that belonged to John Hill at the time of his death. The plaintiffs are grand-children of John Hill and children of William Hill, a son of John Hill, who died before his father. John Hill by his will gave all his estate (after the death of his widow) to his daughters Mrs. Martin, Mrs. Scott and Mrs. Pai'ks, and to his grand-daughter Luann Hill, the plaintiffs’ sister; and the plaintiffs claim a portion of the estate on the ground that they are heirs of John Hill, and that he died intestate as to them because they are neither named nor provided for in his will. The petition makes all the devi-sees parties, and also strangers to the family, who are represented as claiming interests in the land acquired since the death of the testator; and one of them, Mr. Hays, sets up in his answer that he had become the absolute owner of the land devised to Mrs. Parks by virtue of regular proceedings *80 for partition in the Lafayette circuit court, instituted by her heirs after her death.
In my opinion, the plaintiffs did not adopt the proper mode to accomplish the object they sought. If any part of the land was adversely held by others, the plaintiffs could not assert their rights to it by an action for partition; (Lambert v. Blumenthal, 26 Mo. 471;) and under the circumstances disclosed in the record, their appropriate remedy was a proceeding to obtain contribution from the devisees.
The plaintiffs ground their right to recover on the thirtieth section of the statute of wills of 1835, which declares that if any person make his last will and die leaving a child or children, or descendants of any child or children (in case of their death), not named nor provided for in such will, every such testator, so far as shall regard any such child or children or their descendants, shall be deemed to die intestate, and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator as if he had died intestate, and the same shall be assigned to them; and all the other legatees, devisees and heirs shall refund their proportionate part, provided such children or their descendants so claiming have not had an equal proportion of the testator’s estate bestowed on them in the testator’s lifetime by way of advancement. The thirty-third section provides that when any devisees, legatees or heirs shall be required to refund any part of the estate received by them for the purpose of making up the share, devise or legacy of any other devisee, legatee or heir, the circuit court shall, upon petition of the party entitled to such contribution, order a contribution and distribution of such estate according to equity.
If a person dies intestate leaving children, they are entitled to the whole of his estate subject to the widow’s dower. The aggregate of their shares is the whole, and the proportional part of each is according to their number; and therefore what their advancements may have been is only a question between themselves, and can not be inquired into by *81 others. And so, if a person makes a will and dies leaving children and does not name them nor provide for them, so far as they are concerned he will be deemed to die intestate, and they will take the same interest in his estate as if he had actually died intestate. In such a case the children would have no equities to adjust with third persons, and there would be no necessity of resorting to the provisions of the thirty-third section for the purpose of obtaining contribution, but, as the whole estate descends on them, they could maintain ejectment for the land, to which they are entitled in right of their ancestor, to the same effect as if there had been no will.
If, however, all of the children are not omitted, but some of them are named or provided for and others not, the devi-sees, whether all of them are children or not, can defeat the claims of those not provided for, by showing that they had received in the testator’s lifetime their equal proportion of the estate by way of advancements. The legacies and devises can not be treated as nullities, but the legatees or devi-sees would only be bound to refund their proportional parts. And in order that the equities of all parties might be properly adjusted, it would be necessary to resort to the mode pointed out in the thirty-third section. A child not provided for can not defeat all the devises by claiming and recovering a share of each, but would only be entitled to contribution for a sum sufficient to make him equal to that which he would have been entitled to if there had been no will.
This case illustrates the reason why pretermitted heirs should resort, in some instances, to the more flexible proceeding of a bill for contribution, rather than to an action of ejectment or partition. If it should be decided that the plaintiffs’ grand-fatlier died intestate as to them within the meaning of the statute, the legatees may show that their father was advanced in his lifetime in whole or in part, or they may be fully compensated by the legatees without interfering with the rights of third persons who may now own the property. There would be no propriety in assigning to them *82 portions of each piece of property when contribution could otherwise be made “ according to equity.”
I do not find that it has ever been decided by this court in what manner a child not provided for in a will may assert his rights conferred by the thirtieth section. In Block v. Block, 3 Mo. 407, and Hockensmith v. Slusher, 26 Mo. 237, the right was claimed in partition proceedings. Beck v. Metz, 25 Mo. 71, was an agreed case. In Bradley v. Bradley, 24 Mo. 311, the children filed a petition against the widow and sole devisee for the assignment of her dower; and in Levin v. Stephens, 7 Mo. 90, and Guitar v. Gordon, 17 Mo. 408, the plaintiffs pursued the mode indicated in the thirtieth section.
The view I have taken of the case renders an expression of opinion unnecessary on the point on which the case seems to have turned at the trial. I am in favor of affirming the judgment without prejudice to the right of the plaintiffs to bring another suit in a different form. Napton, Judge, did not sit, having been of counsel.
Soott, Judge. I concur in affirming the judgment.