HERMAN H. HORSTKOTTE, Respondent, v. JAMES MENIER et al., Appellants.

1. *Mechanics' lien — Judgment not void because contractor not made co-defendant.* — In a mechanics' lien suit, the original contractor ought to be brought before the court as a co-defendant, for the purpose of protecting his own rights and those of the owner. But if he is not so brought before the court at the proper time, the judgment will not for this reason be irregular and void.

2. *Practice, civil — Defect of parties, how taken advantage of.* — Defect of parties must be taken advantage of by demurrer or answer, and cannot be reached by instruction.

3. *Judgment — Clerical mistakes in, how corrected.* — A clerical mistake in the rendition of a judgment on a mechanics' lien may be corrected by the lower court *nunc pro tunc*, on proper application.

*Appeal from St. Louis Circuit Court.*

*Peacock & Cornwell*, for appellants, cited Wagn. Stat. 909–911, §§ 8–10, 20.

*Stewart & Weiting*, for respondent, cited Walkenhorst v. Coste *et al.*, 33 Mo. 401; Schaeffer v. Lohman, 34 Mo. 68; Miller v. Foulk *et al.*, 47 Mo. 262.

ADAMS, Judge, delivered the opinion of the court.

This was a suit to enforce a mechanic's lien. Defendant Higgs was the owner of the property. One Hodge was the original contractor with Higgs for the erection of the building, and defendants Menier and R. H. Horstkotte were sub-contractors under Hodge for doing the brick-work on the building, and, as such, bought from plaintiff the brick used in erecting the house; and the plaintiff filed his lien for these materials, and this suit is brought upon this lien. The defendants, by their answers, denied indebtedness, etc.

After the close of the plaintiff's evidence the defendants asked the court to instruct the jury to the effect that the plaintiff could not recover because he had not made the original contractor a party; which instruction was refused, and defendants excepted.

Both parties gave evidence conducing to prove their respective cases. At the close of all the evidence the defendants again renewed their demand to have the case withdrawn from the jury because the original contractor had not been made a party. Several other instructions were passed upon by the court, but it is unnecessary to recite them, as the main point discussed here was the question whether the original contractor was a necessary party, and whether this judgment, which was in favor of the plaintiff, can stand because he was not made a co-defendant.

Section 20 of Wagner's Statutes, p. 911, seems to contemplate that the original contractor ought to be made a co-defendant in order that his own rights, as well as the rights of the owner of the property, may be fully protected. That section declares that in all cases where a lien is filed under the provisions of that act, by any person other than the contractor, it shall be the duty of the contractor to defend any action brought under the act at his own expense, and during the pendency of such action the owner may withhold from such contractor the amount of money

for which such lien shall be filed ; and in case of judgment against the owner or his property upon the lien, he shall be entitled to deduct from any amount due by him to the contractor the amount of such judgment and costs ; and if he shall have settled with the contractor in full, shall be entitled to recover back from the contractor any amount so paid by the owner for which the contractor was originally the party liable.

When an owner of property contracts with a responsible party to furnish all materials and erect for him a building, under this section, he has the right to look to such contractor for protection against all liens by material-men and sub-contractors. That, to my mind, was the evident intention of the Legislature. If the original contractor was not made a party he would not be bound by the judgment ; whereas if he was a party he would be estopped from disputing the amount of recovery as between himself and the owner. This section was not under review by this court in the cases referred to in the argument (Walkenhorst v. Coste et al., 33 Mo. 401 ; Schaffer v. Lohman, 34 Mo. 68 ; Miller v. Foulk et al., 47 Mo. 262).

What we now hold is that the original contractor ought to be brought before the court as a co-defendant, for the purpose of protecting his own rights and those of the owner. But if he is not so brought before the court at the proper time, the judgment will not for this omission be irregular or void. The objection should have been taken by the owner by demurrer or answer. If he fails to demur when the defect appears on the petition, or fails to set up the non-joinder by answer when it does not appear on the face of the petition, he will be presumed to have waived the objection. (Wagn. Stat. 1014–1015, §§ 6, 10.) The defect of parties cannot be reached by way of instruction.

There seems to be a clerical mistake in the rendition of the judgment in this case. The finding was in favor of the plaintiff, and the judgment by mistake is rendered against all the defendants, to be levied of the property of the owner. The judgment should have been a general judgment against the debtor, as in ordinary cases, with the addition " that if no such property of the debtors can be found to satisfy such judgment and costs of

suit, then the residue thereof be levied of the property charged with the lien to be described in the judgment." (See Wagn. Stat. 910–911, §§ 13–14.) This clerical mistake may be corrected by the lower court *nunc pro tunc*, on proper application. It is no cause fo reversal.

The motion for a new trial was properly overruled. On the whole case, there seem to be no sufficient grounds for reversing the judgment. With the understanding that the clerical error referred to may be corrected, the judgment is affirmed. The other judges concur.