J. FRUIN ET AL., Respondents, v. MITCHELL FURNITURE COMPANY ET AL., Appellants.

St. Louis Court of Appeals, January 5, 1886.

1. MECHANIC'S LIENS—PARTIES.—In an action by a sub-contractor to enforce a mechanic's lien it is sufficient if one of the original contractors is joined with the owner in the suit.

2. ——— VARIANCE.—In such a case there is no variance between a petition which alleges that the original contract was made with A, and proof that it was made with A and B.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed with ten per cent. damages.*

W. C. MARSHALL, for the appellants.

ROWE & MORRIS, for the respondents.

LEWIS, P. J., delivered the opinion of the court.

This is a suit upon a mechanic's lien. The petition alleges that the Mitchell Furniture Company, as owners of certain lots, contracted with the defendant, Arthur Boyle, for the erection of buildings upon them, that Arthur Boyle made a sub-contract with defendant, John Boyle, for stone work, and the plaintiffs furnished the stone material under a contract with John Boyle. It appeared from the proofs that the original contract was made between the Mitchell Furniture Company, of the one part, and Arthur Boyle and Thaddeus S. Smith, who is not a party to the suit, of the other part. The only question brought up by this appeal is, whether there was a fatal variance between allegation and proof.

Our supreme court has repeatedly decided that, in a suit by a sub-contractor on a mechanic's lien, where there are two original joint contractors, it is not necessary that the plaintiffs should join both as defendants: *Hassett*

*v. Rust*, 64 Mo. 325 ; *Putnam v. Ross*, 55 Mo. 116. It is also held that, where an original contractor is omitted as a party in a suit by a sub-contractor, if the plaintiff does not object to the omission by demurrer or answer, he will be deemed to have waived the objection. *Horstkotte v. Menier*, 50 Mo. 158.

No objection was so made by the defendants in the present case. These rulings dispose of the whole matter before us, and leave nothing to be argued about. It is useless to say that the objection or variance was not considered in the two cases first above cited. The fact of the so-called variance was necessarily present in the statement of each case, as it is here, and was in fact an essential element in the groundwork of the objections, though not named as such. Yet the supreme court found nothing in this connection to hinder the plaintiffs' recovery. The appeal is without the least merit.

The judgment is affirmed with ten per cent. damages. All the judges concur.