PETER STEINMANN *et al.*, Respondents, v. J. STRIMPLE
*et al.*, Appellants.

St. Louis Court of Appeals, February 28, 1888.

1.  PRACTICE — MECHANIC'S LIEN—DEFECT OF PARTIES. — The rule,
    whereby the objection of a defect of parties is considered as
    waived, if not presented by demurrer or answer, has no applica-
    tion to the suit of a subcontractor for a mechanic's lien, so as to
    dispense with the necessity for properly making the principal con-
    tractor a party.

2.  ——— ——— PARTIES TO CONTRACT.—In a subcontractor's suit for a
    mechanic's lien, it is sufficient if one of the joint contractors with
    whom he contracted be properly made a party.

3.  ——— ORDER OF PUBLICATION.—An order of publication intended
    to notify Benjamin F. Strimple is valid, if directed to "Frank
    Strimple," that being the Christian and surname by which he is
    usually known.

4.  MECHANIC'S LIEN—NOTICE—MISNOMER.—Where the notice of lien
    describes the principal contractors by the names of "Jacob Strimple
    and Frank Strimple, doing business as J. Strimple & Son," their
    real names being Jacob Strimple and Benjamin F. Strimple, and
    the firm name, J. Strimple & Son, and where it appears from the
    evidence that the individuals are familiarly known, respectively,
    as Jake Strimple and Frank Strimple, the statute which pre-
    scribes that the notice shall set forth the amount of the lien charge
    and "from whom the same is due," is sufficiently complied with.
    The same ruling applies to the effect of the statute requiring that
    the lien claim shall set forth "the name of the owner or contractor,
    or both, if known to the person filing the lien."

APPEAL from the St. Louis Circuit Court, HON.
DANIEL DILLON, Judge.

*Affirmed.*

KRUM & JONAS, TAYLOR & POLLARD, for the ap-
pellants: The court erred in admitting in evidence the
subcontractor's notice, because it failed to state the
names of the persons or firm from whom the debt of

plaintiffs was due. Rev. Stat., sec. 3190. Nor can this requirement be frittered away by loose construction. *Ryan v. Kelley*, 9 Mo. App. 398. The giving of a proper notice is a jurisdictional fact essential to a recovery by plaintiffs. *Hewett v. Truitt*, 23 Mo. App. 443. The name of the firm specified in the notice is not the one with whom the owner's contract was made. Nor is it *idem sonans* with it. *Webber v. Ebbing*, 2 Mo. App. 16 ; *Robinson v. Thomas*, 55 Mo. 583–4 ; *State v. Curran*, 18 Mo. 320 ; *Slossen v. Brown*, 20 Pick. 439 ; *Skelton v. Sackett*, 3 S. W. Rep. 874. The court erred in admitting in evidence the mechanic's lien. The order of publication was insufficient in law. *Revis v. Lamme*, 2 Mo. 208 ; *Skelton v. Sackett*, 3 S. W. Rep. 874 ; *Gardner v. State*, 4 Ind. 632 ; *Entrikin v. Chambers*, 11 Kansas, 368. There being no debtor brought before the court by personal service, nor constructively by legal notice, the court should have sustained the demurrer to the evidence. *Wibbing v. Powers*, 25 Mo. 599 ; *Wescott v. Biddle*, 40 Mo. 148.

MILLS & FLITCRAFT, for the respondents : The notice was sufficient. The firm name of the contractors is sufficient. *Towner v. Remick*, 19 Mo. App. 205 ; *Henry v. Plitt*, 84 Mo. 240. Variances between the notice and the petition will be disregarded, unless they are material, and the owner is misled. *Henry v. Plitt*, 84 Mo. 240. The objection to the notice should be set up in the answer. *Clark v. Brown*, 22 Mo. 140. The owners were notified in terms which cannot be misunderstood, both of the amount and that the same was primarily due from Strimple & Son. An amendment may be allowed correcting the name of the contractor and inserting a new name. *Newman v. Railroad*, 19 Mo. App. 100 ; *Mann v. Schroer*, 50 Mo. 306 ; *Witte v. Meyer*, 11 Wis. 295. The use of initials do not invalidate the proceedings. *Getchell v. Moran*, 124 Mass. 407. The lien was sufficient. *Gorman v. Dierkes*, 37 Mo. 576. A variance between the notice and the petition in regard to

names of contractors is not material where plaintiff gives his best information. *Brown v. Welch*, 12 N. Y. Sup. 582. The publication was sufficient. *Horstkotte v. Menier*, 50 Mo. 160 ; *Gimbel v. Pignero*, 62 Mo. 240 ; *Butler v. Lawson*, 72 Mo. 247 ; *Walker v. Deaver*, 79 672 ; *Garrett v. Cramer*, 14 Mo. App. 404 ; *Harbeck v. Southwell*, 18 Wis. 418. It is not necessary to the validity of the judgment that all of the original contractors should be made parties defendant to the suit. *Foster v. Wulfing*, 20 Mo. App. 85 ; *Fruin v. Furniture Company*, 20 Mo. App. 314 ; *Putnam v. Ross*, 55 Mo. 118 ; *Hassett v. Rust*, 64 Mo. 325.

THOMPSON, J., delivered the opinion of the court.

This was an action by a firm of subcontractors to enforce a mechanic's lien. The principal contractors did not appear, and there was a judgment by default as to them. The owners, and the grantee and beneficiary in a deed of trust, appeared and answered by a general denial merely. A trial by jury resulted in a verdict and judgment for the plaintiff, establishing the lien and awarding a special execution against the property in the usual manner. From this judgment the owner alone appeals.

The question which arises upon the record will best be understood by the following brief statement : The evidence shows, without controversy, that the names of the original contractors were Jacob Strimple and Benjamin F. Strimple ; that they were copartners, and that their firm name was J. Strimple & Son. The notice of lien which the plaintiffs caused to be served upon the owners of the property, under the statute, described their claim as a claim for materials furnished, and work and labor performed by them under a contract with "Jacob Strimple and Frank Strimple, doing business as J. Strimple & Son." The claim of lien filed with the clerk of the circuit court described the original contractors, under a contract with whom the plaintiffs had done work and furnished the materials for which the

lien was claimed, in the same manner as the notice. The contract between the owners of the property and the original contractors described the latter in its body as "Joab Strimple & Son," and it was signed by them simply "J. Strimple & Son." The original petition described them as "J. Strimple and Frank Strimple, copartners as J. Strimple & Son." At the trial, the plaintiffs were permitted to amend their petition in its body so as to insert after the name, J. Strimple, wherever it occurred, the words, "known also as Joab or Jacob Strimple," and by interlining after the words, "Frank Strimple," the words, "known also as B. F. Strimple or Benjamin F. Strimple." The original contractors were not personally served with process, but were brought in by the publication of an order of court in the usual form, describing them, as they were described in the petition, as "J. Strimple and Frank Strimple, copartners as J. Strimple & Son." Uncontradicted evidence showed that the principal contractors carried on business under the firm name of J. Strimple & Son ; that the younger Strimple was commonly called Frank Strimple, Frank being probably a contraction of his middle name, and that the elder Strimple was frequently called Jake Strimple. Upon this evidence the following questions arise :

I. That there was a defect of parties, in that the original contractors were necessary parties, and that their names were misdescribed in the order of publication, which was, therefore, void. In reply to this it is argued on behalf of the plaintiff that, as the objection was not taken by demurrer or answer, it is waived. This is the general rule in regard to objections for defect of parties. *Walker v. Deaver*, 79 Mo. 672 ; *Butler v. Lawson*, 72 Mo. 247 ; *Reugger v. Lindenburger*, 53 Mo. 365 ; *Dunn v. Railroad*, 68 Mo. 268 ; *State to use v. Sappington*, 68 Mo. 454. The rule is founded in the two provisions of the practice act embodied in Revised Statutes, sections 3515 and 3519. The former recites

that "the defendant may demur to the petition, when it shall appear upon the face thereof * * * that there is a defect of parties, plaintiff or defendant." The latter section provides that "when any of the matters enumerated in section 3515 do not appear upon the face of the petition, the objection may be taken by answer. If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court over the subject-matter of the action, and excepting the objection that the petition does not state facts sufficient to constitute a cause of action." We are of opinion that these statutory provisions have no application in cases where the party not proceeded against, or not properly brought before the court, is a necessary party to the rendition of *any* judgment at all such as the plaintiff sues for. Such is plainly the case in an action to establish a mechanic's lien, where the party between whom and the plaintiff the contract was made is not brought into court. The statute relating to mechanics' liens recites: "In all *suits* under this article, the parties to the contract *shall*, and all other persons interested in the matter in controversy, or in the property charged with the lien, *may*, be made parties, but such as are not made parties shall not be bound by any such proceeding." Rev. Stat., sec. 3180. That this statute is mandatory in so far as it requires the party, under a contract with whom the lien claimant did the work or furnished the materials, to be made a party to the suit, we have no doubt. Under our former mechanics' lien law it is held that the contractor, under a contract with whom the materials were furnished, or the work done, was a necessary party to the proceeding, in order to the validity of the judgment establishing the lien. The radical view taken by the court of this question will be best understood from the following quotation from the opinion by Scott, J. : "The contractor is the only person who can contest the validity of the demand ; and, as the proceeding was dismissed as to

him, there was no person to defend the claim of the plaintiff. This case is as if a creditor, proceeding by attachment and garnishment, should dismiss his suit against the defendant—the debtor—and afterwards take steps against the garnishee, when there could be no judgment which he could be condemned to satisfy." *Wibbing v. Powers*, 25 Mo. 599. This decision was reaffirmed in *Ashburn v. Ayers*, 28 Mo. 77, and in *Wescott v. Bridwell*, 40 Mo. 146. It is true that these decisions were under the former mechanics' lien law. Our present mechanics' lien law first appeared as a special act, relating to the county of St. Louis only (Sess. Acts, 1857, p. 668), but it was, by the General Statutes of 1865, established as the mechanics' lien law for the whole state. But we are not aware of any difference between the two statutes which would make the principle of the above decisions inapplicable under the present statute. In *Steinkamper v. McManus*, 26 Mo. App. 52, we said, citing *Wibbing v. Powers*, *supra*, that "it is well settled in this state that no recovery can be had charging the premises with a lien in such cases, except as incident to a personal judgment, against some one with whom the contract for the work or material was made, and who himself is either the owner, or standing with the owner, or some contractor under him, in a contract relation, and then only when the work or material actually entered into the construction of the building or improvements." We now reaffirm this doctrine, in so far as it applies to cases where the person with whom the contract was made was brought into court by service of process, or has voluntarily appeared. In such a case only can a personal judgment be rendered against him. Rev. Stat., sec. 3185. The judgment which is to be rendered where he is notified by publication is prescribed in Revised Statutes, section 3184, and it is a special judgment against the property only. The judgment in this case follows the terms of the statute.

It is true that in one case in the Supreme Court

(*Horsthotte v. Menier*, 50 Mo. 158), and in one case in this court (*Fruin v. Furniture Co.*, 20 Mo. App. 314), it was held that an objection in a suit to establish and enforce a mechanic's lien, that the principal contractor had not been made a party, was waived because not made by demurrer or answer. But both of these cases were cases where the lien claimant was one whose contract had been made, not with the principal contractor, but with a subcontractor under him, so that the principal contractor was not one of the "parties to the contract" within the mandatory clause of Revised Statutes, section 3180, above quoted. This distinguishes those cases from the present case.

As above stated, the defendant, Joab Strimple, was named on the order of publication as "J. Strimple" merely. Under the rule laid down by the Supreme Court, in *Skelton v. Sackett*, 91 Mo. 377, this rendered the publication void as to him—the rule there declared being, that in an order of publication the Christian name is essential to the designation of the party, and that an initial does not properly describe the Christian name, because it may as well stand for some other name. But we are, nevertheless, of opinion that this order of publication was good as to the defendant, Benjamin F. Strimple, who, according to the uncontradicted testimony of several witnesses, was described therein by the Christian name by which he was usually known. A man may be indicted and hanged by the name by which he is usually known, although it may not be his baptismal name; and we suppose that it will not be necessary to go into the books to prove that the law is that a man may be proceeded against in a civil action by such name. Benjamin F. Strimple was, therefore, properly brought in as a party, and this was sufficient to the validity of the judgment; since, it is sufficient that one of the parties, under a contract with whom the plaintiff did the work or furnished the materials, is before the court. *Putnam v. Ross*, 55 Mo. 116; *Hassett v. Rust*, 64 Mo.

325 ; *Foster v. Wulfing*, 20 Mo. App. 87 ; *Fruin v. Furniture Co.*, 20 Mo. App. 313.

II. The next objection is, that the notice of lien served upon the owners was insufficient, because it misdescribed the names of the original contractors, as above stated. The statute (Rev. Stat., sec. 3190), which requires the giving of this notice by every lien claimant other than the original contractor, prescribes that it shall set forth " the amount and *from whom the same is due.*" This notice, as already seen, described the contractors under whom the plaintiff claimed as " Jacob Strimple and Frank Strimple, doing business as J. Strimple & Son, the contractors for making the improvements for you." Although the Christian name of Joab Strimple or J. Strimple was thus misdescribed, although the baptismal name of the younger Strimple was not correctly given, and although the usual partnership name was J. Strimple & Son, and not Jacob Strimple and Son, yet, when the uncontradicted evidence is considered, to the effect that the elder Strimple was frequently called Jake Strimple ; that the younger Strimple was habitually called Frank Strimple ; that they were partners doing business as J. Strimple & Son, and that they were the principal contractors for making the improvements under whom the plaintiffs held their subcontract,—it is not in the remotest degree probable that the owners or any one else could have been misled by these variances in description. The notice set forth "from whom the same is due" with sufficient certainty to satisfy the statute.

III. The same may be said of the objection that the court erred in admitting in evidence the claim of lien. This misdescribed the original contractors in the same way. The statute (Rev. Stat., sec. 3176) requires this claim of lien to set forth " the name of the owner or contractor, or both, *if known to the person filing the lien.*" The plaintiffs set forth these names as they were known to them and as they supposed them to be. There is not a particle of evidence tending to show that they

were guilty of any bad faith, nor is there any ground
for concluding that the misdescription could have mis-
led any one. The statute, it is perceived, is not impera-
tive; it is so drawn as to save the liens of subcontractors
or materialmen in cases where the name of the principal
contractor may *not* be known to them; and, by parity
of reasoning, it must be considered as intended to save
the liens of such persons in cases where the names of the
principal contractors are *imperfectly* known to them.
We think that the description must be held, in the light
of the uncontradicted evidence, to have satisfied the
statute, and that this objection is also untenable.

IV. The other objections go to the instructions;
but as they are all grounded on these misrecitals of the
names of the principal contractors, we need not consider
them further than to say that we have looked at the in-
structions and that it does not appear that the objections
to them embrace any matter which has not been suffici-
ently considered.

With the concurrence of Judge Rombauer, the judg-
ment will be affirmed. Judge Lewis is absent.