FREDRICKSON and another, Respondents, vs. RIEBSAM, Appellant.

*October 15 — November 8, 1888.*

*Liens: Parties: Pleading.*

1. A complaint in an action to enforce a lien, alleging that the plaintiffs performed work and furnished materials for the defendant at his special instance and request in and about the erection of the building in question, but not showing that the plaintiffs were subcontractors or that there were any other lien claimants, does not show on its face a defect of parties and is therefore not subject to demurrer on that ground.
2. It is not necessary, in order to state a cause of action, that such complaint should allege that there were no other lien claimants.

APPEAL from the Circuit Court for *Dane* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action to enforce a lien for certain materials furnished and work performed by the plaintiffs as a firm for the defendant at his special instance and request, between October 23, 1887, and December 19, 1887, in the erection and construction of a dwelling-house for said defendant on a lot owned by him and described in the complaint. The

complaint is in the usual form, and alleges that the last date of furnishing such material and doing such work was December 19, 1887, with an itemized bill of said materials and work annexed thereto as a part thereof; and there was also annexed as a part thereof a copy of the plaintiff's claim for a lien upon said building and lot, filed therein April 23, 1888, for $131.60. To such complaint the defendant demurred on the grounds that it appears on the face of the complaint (1) that there is a defect of parties plaintiff and defendant, and (2) that it does not state facts sufficient to constitute a cause of action. From the order overruling the demurrer the defendant appeals.

For the appellant there was a brief by *Stevens & Morris,* and oral argument by *B. J. Stevens.* They contended, *inter alia,* that under the present statute (ch. 143, R. S.) the action is an equitable one. *George v. Everhart,* 57 Wis. 399; *Spruhen v. Stout,* 52 id. 525; *Druse v. Horter,* 57 id. 646; *Huse v. Washburn,* 59 id. 416; *Edleman v. Kidd,* 65 id. 23; *Moritz v. Larsen,* 70 id. 573. It therefore falls within the language of Dixon, C. J., in *Hall v. Hinckley,* 32 Wis. 362, 367, that the doctrine of equality of lien and equal right of payment would prevail, "unless there was something in the statute expressly forbidding it. In that case all the lien creditors must have been made parties to the suit." There is nothing in the statute forbidding it, but, on the contrary, every clause provides for it and makes the requirement mandatory that all persons interested shall be parties; and such would appear to be the effect of the decision in *Allis v. Meadow Spring Distilling Co.* 67 Wis. 16, 21. The complaint is fatally defective, therefore, for the reason that it does not contain allegations "as to defendants who have filed claims for liens," or "as to defendants having subsequent liens or being subsequent purchasers;" nor does it allege that there are no such persons. Such negative allegation is required. *McGlone v. Prosser,* 21 Wis. 273; Story's

Eq. Pl. secs. 667–673, and notes. If the statute requires all persons claiming liens to be made parties, and only in such case gives the right of foreclosure, allegations bringing the case within the statute must certainly be made. *Ercanbrack v. Rich,* 2 Pin. 441; *North River Bank v. Rogers,* 8 Paige, 648.

For the respondents there was a brief by *Rogers & Hall,* and oral argument by *F. W. Hall.*

CASSODAY, J. 1. The first ground of demurrer was properly overruled, because it nowhere appears upon "the face of the complaint," that there is any defect of parties plaintiff or defendant. Counsel speak of the plaintiffs suing as "a firm of subcontractors," without the complaint making any "allegations with reference to the principal contractor." It is true the complaint makes no reference to any principal contractor not a party to this action. If it did, there might be some ground for urging that there is a defect of parties apparent upon the face of the complaint. But we do not understand that it appears from the complaint that the plaintiffs are here suing as "a firm of subcontractors." On the contrary, the allegations are to the effect that the materials were furnished and the work performed by the plaintiffs under and by virtue of a contract between them and the defendant personally, and not by virtue of a contract made by the plaintiffs and some third person as principal contractor with the defendant. The learned counsel for the defendant may be right in claiming that secs. 3321–3325, R. S., inclusive, contemplate the making of all lien claimants parties to such action. They are certainly proper parties; and for the purposes of this case we shall assume that they are necessary parties. Still the defect of such omission is only available on demurrer when such defect appears upon the face of the complaint. Sec. 2649, R. S. When such defect does "not appear upon the face of the

complaint, the objection may be taken by answer." Sec. 2653, R. S. When taken neither by demurrer nor answer, the defendant is deemed to have waived the same. Sec. 2654, R. S. But even when so waived, yet, if it appears upon the trial or otherwise that "a complete determination of the controversy cannot be had without the presence of other parties," or that "any persons not parties to the action have such interests in the subject matter of the controversy as require them to be made parties for their due protection, the court" is required to "order them to be brought in." Sec. 2610, R. S. Such are the remedies prescribed by statute for defect of parties.

2. Does the complaint state facts sufficient to constitute a cause of action? Had it appeared in the complaint, as claimed by counsel, that the plaintiffs sued as subcontractors, then there might have been some ground for holding the same deficient in substance by reason of the failure to allege that there was given to the owner of the property the requisite notice. Secs. 3315, 3322, R. S. But as already indicated, the plaintiffs have sued as original contractors — not as subcontractors. The learned counsel for the defendant, however, goes further, and contends, in effect, that under secs. 3321–3325, R. S., inclusive, the presence of all lien claimants is a condition precedent to the maintenance of a suit to enforce such lien by any one of them; and that hence the complaint is defective in substance, for failing to allege that there were no other lien claimants except the plaintiffs. But we find nothing in any of those sections to support such conclusion. Assuming that there are other lien claimants besides the plaintiffs, and that they are necessary parties to this action, yet such necessity is not in order to give the plaintiffs, as principal contractors, a cause of action and a lien upon the premises therefor against the defendant, but, as indicated, merely because such other lien claimants "have such interests in

the subject matter of the controversy as require them to be made parties for their due protection." Besides, the statutes having specifically prescribed the method of raising the objection of the absence of necessary parties from the complaint, by demurrer when such omission appears upon the face thereof, and by answer or order of the court when it does not so appear, it would be a very strained construction of the statutes to hold that the same objection could also be raised by general demurrer whenever the complaint, as here, is silent upon the subject.

*By the Court.*— The order of the circuit court is affirmed.